Kelly J. Flood (#019772)
kflood@polsinelli.com
**POLSINELLI SHUGHART**
City Scape Plaza
One East Washington Street, Ste. 1200
Phoenix, AZ 85004
Phone: (602) 650-2000
Fax: (602) 264-7033

Jeffrey Kass (Missouri Bar No. 46800)
jkass@polsinelli.com
**POLSINELLI SHUGHART**
1515 Wynkoop, Suite 600
Denver, CO 80202
303-572-9300
303-572-7883 fax

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| CINERGY HEALTH, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| LEADKARMA, LLC, NEAL SHANSKE, | ) | |
| KEITH BACHAND, SF INSURANCE | ) | |
| PROPERTIES, T.A.S.K. INSURANCE | ) | **COMPLAINT** |
| AGENCY, INC., CLARK SCOTT, | ) | |
| HELLOLOCAL, LLC, HELLO | ) | |
| CONNECTED, LLC, ADAM EDELMAN, | ) | |
| CHRISTOPHER MUNDELL, NORVAX, | ) | **JURY TRIAL DEMANDED** |
| INC., QUOTE WIZ, LLC, ESURANCE | ) | |
| HOLDINGS, INC., BROKERSWEB, INC., | ) | |
| GKME, LLC, AWD GROUP, L.L.C., | ) | |
| ACCLAIM DOMAINS, INC., ALL WEB | ) | |
| LEADS, INC., LANDS HEALTH, LLC, | ) | |
| ZTG, INC., VIMO, INC., and JOHN DOES | ) | |
| 1-16, | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Cinergy Health, Inc. ("Cinergy") submits its Complaint for monetary damages and injunctive relief against Defendants LeadKarma, LLC,  Neal Shanske, Keith Bachand, SF Insurance Properties, T.A.S.K. Insurance Agency, Clark Scott, HelloLocal, LLC, Hello Connected, LLC, Adam Edelman, Christopher Mundell, Norvax, Inc., Quote Wiz, LLC, Esurance Holdings, Inc., Brokersweb, Inc., GKME, LLC, AWD Group, LLC, Acclaim Domains, LLC, All Web Leads, Inc., Lands Health, LLC, ZTG, Inc., Vimo, Inc., and John Does 1-16.   All counts are directed to all Defendants.

## Introduction

1.   This action involves the willful infringement of a federally-registered trademark.

2.   Cinergy is in the business of administering programs for people to obtain health discounts on medical services.   Cinergy provides innovative and affordable health solutions for individuals and families.   As a part of Cinergy's business, it advertises nationally and operates the website Cinergyhealth.com.

3.   Cinergy is the owner of the valid federally registered trademark "Cinergy Health," Registration Nos. 3,228,996 and 3,820,767 (the "Mark").

4.   Defendants are either competitors of Cinergy or are internet advertising companies which assist competitors of Cinergy in obtaining leads.

5.   Defendants are and have been infringing the Mark by using the Mark and other confusingly similar marks and phrases in their internet advertising.

6.   Although Defendants already were aware of the Mark and Cinergy's website, Cinergy nonetheless notified some of the Defendants in writing that Cinergy

is the owner of the Mark, and further demanded that Defendants immediately cease and desist all activities that infringe the Mark.

7.  Since that time, and despite Defendants' knowledge and Cinergy's demands in some cases, Defendants continue to use the Mark and confusingly similar marks and phrases to unlawfully direct traffic to Defendants' own respective websites or to other competitors of Cinergy.

8.  Defendants' actions constitute, among other things, willful trademark infringement.

**Parties**

9.  Cinergy is a Florida corporation with its principal place of business in Sunrise, Florida.  Cinergy does business nationwide, including in the District of Arizona.

10. Defendant LeadKarma LLC is a Massachusetts limited liability company with its principal place of business located at 222 Third Street, Suite 2300, Cambridge, Massachusetts, 02142.   It owns and operates at least the websites lowerhealthquotes.com, AutoQuoteWizard.com, and InsuranceDesk.com, and is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, does business in the District of Arizona and operates these websites nationally, including in the District of Arizona. The websites at issue are interactive in that they allow consumers to input data and receive back information online.

11. Defendant Neal Shanske is a citizen of Massachusetts who owns and operates at least the websites EasierHealthInsurance.com, yourfreequotes.com, get-affordable-health-insurance.net, and fidelis.yourfreequotes.com, is in business of

3

offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates these websites nationally, including in the District of Arizona. The websites at issue are interactive in that they allow consumers to input data and receive back information online.

12. Defendant Keith Bachand is a citizen of Kansas who owns and operates at least the website insurancethatworks4u.com, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates this website nationally, including in the District of Arizona. The website at issue is interactive in that it allows consumers to input data and receive back information online.

13. Defendant SF Insurance Properties owns and operates at least the website health-insurance.org, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates this website nationally, including in the District of Arizona. The website at issue is interactive in that it allows consumers to input data and receive back information online.

14. Defendant T.A.S.K. Insurance Agency, Inc. is a Kansas for profit corporation.  It owns and operates at least the website taskinsurance.com, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates this website nationally, including in the District of Arizona. The website at issue is interactive in that it allows consumers to input data and receive back information online.

15. Defendant Clark Scott is a citizen of Kentucky who owns and operates at least the website HelloLocal.com, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates this website nationally, including in the District of Arizona. The website at issue is interactive in that it allows consumers to input data and receive back information online.

16. HelloLocal, LLC is a Kentucky limited liability company.  Along with Defendant Clark, it owns and operates at least the website HelloLocal.com, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates this website nationally, including in the District of Arizona. The website at issue is interactive in that it allows consumers to input data and receive back information online.

17. Hello Connected, LLC d/b/a Hello Metro is a Kentucky limited liability company.  Along with Defendant Clark, it owns and operates at least the website HelloLocal.com, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates this website nationally, including in the District of Arizona. The website at issue is interactive in that it allows consumers to input data and receive back information online.

18. Defendant Adam Edelman is a citizen of Colorado who owns and operates at least the website getcoventrykansas.com, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates this website nationally, including in the District of

Arizona. The website at issue is interactive in that it allows consumers to input data and receive back information online.

19. Defendant Christopher Mundell is a citizen of Missouri who owns and operates at least the website hcibroker.com, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates this website nationally, including in the District of Arizona. The website at issue is interactive in that it allows consumers to input data and receive back information online.

20. Defendant Norvax, Inc. is a Delaware corporation and owns and operates at least the websites GoHealthInsurance.com and individualhealthquotes.com, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates these websites nationally, including in the District of Arizona. The websites at issue are interactive in that they allow consumers to input data and receive back information online.

21. Defendant QuoteWhiz, LLC is a Delaware limited liability company.  It owns and operates at least the website QuoteWhiz.com/health, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates this website nationally, including in the District of Arizona. The website at issue is interactive in that it allows consumers to input data and receive back information online.

22. Defendant Esurance Holdings Inc. is a Delaware corporation that owns and operates at least the website esurance.com, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the

District of Arizona and operates this website nationally, including in the District of Arizona. The website at issue is interactive in that it allows consumers to input data and receive back information online.

23. Defendant Brokersweb, Inc. f/k/a Healthcare.com, Inc. is a Florida corporation that owns and operates at least the website, healthcare.com, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates this website nationally, including in the District of Arizona. The website at issue is interactive in that it allows consumers to input data and receive back information online.

24. Defendant GKME, LLC is a Texas Limited liability company that operates at least the website INScompanies.com, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates this website nationally, including in the District of Arizona. The website at issue is interactive in that it allows consumers to input data and receive back information online.

25. Defendant AWD Group, L.L.C. is a Texas limited liability company that owns and operates at least the website FindHealthInsurancePlans.com, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates this website nationally, including in the District of Arizona. The website at issue is interactive in that it allows consumers to input data and receive back information online.

26. Defendant Acclaim Domains, Inc. is a Florida corporation that owns and operates at least the website healthinsurancenow.com, is in the business of offering

health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates this website nationally, including in the District of Arizona. The website at issue is interactive in that it allows consumers to input data and receive back information online.

27. Defendant All Web Leads, Inc. is a Florida corporation that owns and operates at least the websites givemeinsurancequotes.com, healthinsuranceweb.com, and usinsuranceonline.com, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates these websites nationally, including in the District of Arizona. The website at issue is interactive in that it allows consumers to input data and receive back information online.

28. Defendant Lands Health, LLC is a South Dakota limited liability company that owns and operates at least the website thebesthealthinsurancevalue.com, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates this website nationally, including in the District of Arizona. The website at issue is interactive in that it allows consumers to input data and receive back information online.

29. Defendant ZTG, Inc. is a Nevada corporation that owns and operates at least the website HealthPlans.us.com, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates this website nationally, including in the District of Arizona. The website at issue is interactive in that it allows consumers to input data and receive back information online.

30. Defendant Vimo, Inc. is a Delaware corporation that owns and operates at least the website vimo.com, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates this website nationally, including in the District of Arizona.  The website at issue is interactive in that it allows consumers to input data and receive back information online.

31. Defendant John Doe 1 owns and/or operates the website InsuranceInMinute.com, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates this website nationally, including in the District of Arizona.  The state(s) in which John Doe 1 is incorporated and has its principal place of business is unknown to Cinergy due to John Doe 1's use of a proxy domain name registrar to conceal its identity from the public and Cinergy.  The website at issue is interactive in that it allows consumers to input data and receive back information online.

32. Defendant John Doe 2 owns and/or operates the website USA-Health-Quotes.com, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates this website nationally, including in the District of Arizona.  The state(s) in which John Doe 2 is incorporated and has its principal place of business is unknown to Cinergy due to John Doe 2's use of a proxy domain name registrar to conceal its identity from the public and Cinergy.  The website at issue is interactive in that it allows consumers to input data and receive back information online.

33. Defendant John Doe 3 owns and/or operates the website HealthInsuranceQuotes.com, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates this website nationally, including in the District of Arizona. The state(s) in which John Doe 3 is incorporated and has its principal place of business is unknown to Cinergy due to John Doe 3's use of a proxy domain name registrar to conceal its identity from the public and Cinergy. The website at issue is interactive in that it allows consumers to input data and receive back information online.

34. Defendant John Doe 4 owns and/or operates the website InsuranceQuickSave.com, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates this website nationally, including in the District of Arizona. The state(s) in which John Doe 4 is incorporated and has its principal place of business is unknown to Cinergy due to John Doe 4's use of a proxy domain name registrar to conceal its identity from the public and Cinergy. The website at issue is interactive in that it allows consumers to input data and receive back information online.

35. Defendant John Doe 5 owns and/or operates the website AmericaInsuranceOnline.com, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates this website nationally, including in the District of Arizona. The state(s) in which John Doe 5 is incorporated and has its principal place of business is unknown to Cinergy due to John Doe 5's use of a proxy domain name registrar to conceal its

identity from the public and Cinergy.  The website at issue is interactive in that it allows consumers to input data and receive back information online.

36. Defendant John Doe 6 owns and/or operates the website InsuranceCheapQuotes.com, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates this website nationally, including in the District of Arizona.  The state(s) in which John Doe 6 is incorporated and has its principal place of business is unknown to Cinergy due to John Doe 6's use of a proxy domain name registrar to conceal its identity from the public and Cinergy.  The website at issue is interactive in that it allows consumers to input data and receive back information online.

37. Defendant John Doe 7 owns and/or operates the website insureyourhealthonline.com, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates this website nationally, including in the District of Arizona.  The state(s) in which John Doe 7 is incorporated and has its principal place of business is unknown to Cinergy due to John Doe 7's use of a proxy domain name registrar to conceal its identity from the public and Cinergy.  The website at issue is interactive in that it allows consumers to input data and receive back information online.

38. Defendant John Doe 8 owns and/or operates the website HealthInsuranceQuotes.com, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates this website nationally, including in the District of Arizona.  The state(s) in which John Doe 8 is incorporated and has its principal place of business is unknown

to Cinergy due to John Doe 8's use of a proxy domain name registrar to conceal its identity from the public and Cinergy.  The website at issue is interactive in that it allows consumers to input data and receive back information online.

39. Defendant   John   Doe   9   owns   and/or   operates   the   website CoveragePremiumInsurance.com, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates this website nationally, including in the District of Arizona.  The state(s) in which John Doe 9 is incorporated and has its principal place of business is unknown to Cinergy due to John Doe 9's use of a proxy domain name registrar to conceal its identity from the public and Cinergy.  The website at issue is interactive in that it allows consumers to input data and receive back information online.

40. Defendant   John   Doe   10   owns   and/or   operates   the   website HealthInsure.com, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates this website nationally, including in the District of Arizona.  The state(s) in which John Doe 10 is incorporated and has its principal place of business is unknown to Cinergy due to John Doe 10's use of a proxy domain name registrar to conceal its identity from the public and Cinergy.  The website at issue is interactive in that it allows consumers to input data and receive back information online.

41. Defendant John Doe 11 owns and/or operates the website INS87.com, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates this website nationally, including in the District of Arizona.  The state(s) in which John Doe 11 is

incorporated and has its principal place of business is unknown to Cinergy due to John Doe 11's use of a proxy domain name registrar to conceal its identity from the public and Cinergy. The website at issue is interactive in that it allows consumers to input data and receive back information online.

42. Defendant John Doe 12 owns and/or operates the website nationalhealthreport.com, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates this website nationally, including in the District of Arizona. The state(s) in which John Doe 12 is incorporated and has its principal place of business is unknown to Cinergy due to John Doe 12's use of a proxy domain name registrar to conceal its identity from the public and Cinergy. The website at issue is interactive in that it allows consumers to input data and receive back information online.

43. Defendant John Doe 13 owns and/or operates the website QuoteFinder.org, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates this website nationally, including in the District of Arizona. The state(s) in which John Doe 13 is incorporated and has its principal place of business is unknown to Cinergy due to John Doe 13's use of a proxy domain name registrar to conceal its identity from the public and Cinergy. The website at issue is interactive in that it allows consumers to input data and receive back information online.

44. Defendant John Doe 14 owns and/or operates at least the website Thestateinsurance.com, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and

operates this website nationally, including in the District of Arizona.  The state(s) in which John Doe 14 is incorporated and has its principal place of business is unknown to Cinergy due to John Doe 14's use of a proxy domain name registrar to conceal its identity from the public and Cinergy.  The website at issue is interactive in that it allows consumers to input data and receive back information online.

45. Defendant John Doe 15 owns and/or operates at least the website u-s-healthcare.com, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates this website nationally, including in the District of Arizona.  The state(s) in which John Doe 15 is incorporated and has its principal place of business is unknown to Cinergy due to John Doe 15's use of a proxy domain name registrar to conceal its identity from the public and Cinergy.  The website at issue is interactive in that it allows consumers to input data and receive back information online.

46. Defendant John Doe 16 owns and/or operates at least the website greathealthplan.net, is in the business of offering health discount or similar plans, is a direct competitor of Cinergy, and does business in the District of Arizona and operates this website nationally, including in the District of Arizona.  The state(s) in which John Doe 16 is incorporated and has its principal place of business is unknown to Cinergy due to John Doe 16's use of a proxy domain name registrar to conceal its identity from the public and Cinergy.  The website at issue is interactive in that it allows consumers to input data and receive back information online.  The website at issue is interactive in that it allows consumers to input data and receive back information online.

14

## Jurisdiction

47. Cinergy asserts claims for trademark infringement and unfair competition under Section 43(a) of the Lanham Act, as well as common law and state statutory trademark infringement claims.  This Court, therefore, has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338 and 1367.

48. This Court has personal jurisdiction over Defendants.  Defendants promote, offer for sale, and have sold products and services nationwide and in the District of Arizona using trademarks and phrases that infringe Cinergy's Mark.  Additionally, Defendants own and/or operate interactive websites accessible in this state, Defendants have purposefully availed themselves of the benefits of doing business in this state, and Defendants have continuously and deliberately exploited the market in Arizona.  Further, Defendants' acts constitute the commission of a tort within the State of Arizona that impacts or affects residents of the State of Arizona.

49. Venue is proper in the District of Arizona under 28 U.S.C. § 1391 because, among other things, Defendants have sold products and services to residents in the District of Arizona, have committed tortious acts within in the District of Arizona, and a substantial part of the events giving rise to these claims occurred and continues to occur in the District of Arizona.

## Factual Allegations Common To All Counts

50. Cinergy began using the Mark in commerce at least as early as early as April 21, 2005 in connection with its medical and health discount business.

51. Cinergy owns the Mark and the associated federal registration, Registration Nos. 3,222,996 and 3,820,767.   Cinergy uses the Mark in connection with the

administration of a program for participants to obtain health insurance and discounts on health services.

52.  Cinergy has undertaken a multimillion dollar marketing campaign using the Mark, including through the operation of its website as well as national television commercial advertisements.

53.  Defendants operate competing websites and advertise those websites on the internet by using the Mark and confusingly similar marks and phrases.

54.  Throughout May and June 2011, Cinergy, through counsel, has notified or attempted to notify some defendants in writing that Cinergy is the owner of the Mark, and further demanded that some defendants immediately cease and desist all activities that infringe the Mark.

55.  Even in 2010, Cinergy itself notified various defendants of its trademark rights, but defendants still persisted in infringing Cinergy's Mark.  In fact, for at least one defendant, All Web Leads, Cinergy talked to its CEO and obtained a verbal promise to stop using the Mark.  Nonetheless, All Web Leads and the other defendants continued to infringe.

56.  Before and after Cinergy's demand, in some cases, and with knowledge of Cinergy's mark, Defendants have engaged in systematic, deliberate use of the Mark and other confusingly similar marks and phrases in internet advertising, such as through Google AdWords, Yahoo! Sponsored Results and/or Bing Sponsored Sites, as well as through various medical cost and plan information sites such as ehealthforum.com.

57. Specifically, each Defendant has engaged in one or more of the following acts of infringement:

    a.    Buying "Cinergy Health" and/or "Cinergy" as a keyword such that, when the search term "Cinergy Health" or "Cinergy" is entered into the Google internet search engine, Defendant's website is displayed as a "Sponsored Link";

    b.    Buying "Cinergy Insurance" and/or "Cinergy Health Insurance" as a keyword such that, when the search term "Cinergy Insurance" and/or "Cinergy Health Insurance" is entered into the Google internet search engine, Defendant's website is displayed as a "Sponsored Link";

    c.    Buying "Cinergyhealth.com" as a keyword such that, when the search term "Cinergyhealth.com" is entered into the Google internet search engine, Defendant's website is displayed as a "Sponsored Link";

    d.    Buying "Cinergy Health" and/or "Cinergy" as a keyword such that, when the search term "Cinergy Health" or "Cinergy" is entered into the Yahoo! internet search engine, Defendant's website is displayed as a "Sponsored Link";

    e.    Buying "Cinergy Insurance" and/or "Cinergy Health Insurance" as a keyword such that, when the search term "Cinergy Insurance" and/or "Cinergy Health Insurance" is entered into the Yahoo! internet search engine, Defendant's website is displayed as a "Sponsored Link";

f.   Buying "Cinergyhealth.com" as a keyword such that, when the search term "Cinergyhealth.com" is entered into the Yahoo! internet search engine, Defendant's website is displayed as a "Sponsored Link";

g.   Buying "Cinergy Health" and/or "Cinergy" as a keyword such that, when the search term "Cinergy Health" or "Cinergy" is entered into the Bing internet search engine, Defendant's website is displayed as a "Sponsored Link";

h.   Buying "Cinergy Insurance" and/or "Cinergy Health Insurance" as a keyword such that, when the search term "Cinergy Insurance" and/or "Cinergy Health Insurance" is entered into the Bing internet search engine, Defendant's website is displayed as a "Sponsored Link";

i.   Buying "Cinergyhealth.com" as a keyword such that, when the search term "Cinergyhealth.com" is entered into the Bing internet search engine, Defendant's website is displayed as a "Sponsored Link";

j.   Buying various other spellings of "Cinergy," such as "Synergy," "Sinergy," and "Cynergy" as keywords to unlawfully display sponsored links on Google, Yahoo!, and/or Bing.

58. Defendants Shanske, John Doe 1, John Doe 10, John Doe 14, and other Defendants also have publicly displayed words or phrases incorporating the term "Cinergy" and other confusingly similar terms.  The same and/or other Defendants also have used the term "Cinergy" and other confusingly similar terms in their domain name links.

59. Defendants' aforementioned systematic, deliberate use of the Mark in internet advertising, such as Google AdWords, Yahoo! Sponsored Results and/or Bing Sponsored Sites, did not begin until after Cinergy began using the Mark.

60. Defendants have used and continue to use the Mark and confusingly similar terms, marks, phrases and names to compete directly with Cinergy's business.

61. Defendants' infringing activities are likely to cause significant confusion among consumers, as well as initial interest confusion and initial source confusion.

## COUNT I

## Unfair Competition Under Section 43(a) Of The Lanham Act, 15 U.S.C. § 1125(a)

62. Cinergy restates paragraphs 1 through 61 as if fully set forth herein.

63. Defendants' use of the Mark and confusingly similar marks, terms and phrases is likely to cause confusion among consumers as to the source of Defendants' products, and cause the mistaken belief that Defendants' business, products and/or commercial activities are affiliated with or sponsored or approved by Cinergy, or that Cinergy's and Defendants' products or services originate from the same source.

64. In the case of Google AdWords, Yahoo! Sponsored Results and/or Bing Sponsored Sites internet advertising, when the Mark and confusingly similar marks, terms and phrases are entered as search terms in the Google, Yahoo! and Bing internet search engines, advertising links are displayed to the consumer which create a likelihood of confusion or mistake, and/or initial interest confusion, as to whether or not those websites are sponsored by or affiliated with Cinergy.

65. Defendants' use of the Mark and confusingly similar marks, terms, and phrases in internet advertising, such as Google AdWords, Yahoo! Sponsored Results

and/or Bing Sponsored Sites, therefore, infringes Cinergy's trademark rights in the Mark under 15 U.S.C. § 1125(a), resulting in damages to Cinergy.

66. Defendants' wrongful use of the Mark and confusingly similar marks, terms and phrases is a deliberate, intentional and willful attempt to injure Cinergy's business, to trade on its business reputation, to palm off or pass off Defendants' products as coming from Cinergy, and/or to confuse and deceive consumers.

67. Defendants' use of the Mark and confusingly similar marks, terms and phrases infringes Cinergy's trademark rights in the Mark in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), resulting in damages to Cinergy.

68. Defendants' use of the Mark and confusingly similar marks, terms and phrases in internet advertising, such as Google AdWords, Yahoo! Sponsored Results and/or Bing Sponsored Sites, constitutes a "use in commerce" of the Mark under 15 U.S.C. § 1127.

69. Defendants' acts are greatly and irreparably damaging Cinergy in an amount to be proven at trial, and will continue to damage Cinergy unless enjoined by this Court.

70. Defendants have been, and are likely to continue to be, unjustly enriched by their infringing conduct.

71. Because of Defendants' wrongful conduct, this is an "exceptional case" under the Lanham Act.

## COUNT II

### Common Law Trademark Infringement

72. Cinergy restates paragraphs 1 through 71 as if fully set forth herein.

73. Defendants' use of the Mark and confusingly similar marks, terms and phrases is likely to cause confusion among consumers as to the source of Defendants' products and cause the mistaken belief that Cinergy's and Defendants' businesses are affiliated, or that their products originate from the same source.

74. Defendants' use of the Mark and confusingly similar marks, terms, and phrases, therefore, infringes Cinergy's common law trademark rights in the Mark, resulting in damages to Cinergy.

75. Defendants' wrongful use of the Mark and confusingly similar marks, terms and phrases is a deliberate, intentional and willful attempt to injure Cinergy's business, to trade on its business reputation, to palm off or pass off Defendants' products as coming from Cinergy, and/or to confuse and deceive consumers.  Defendants have been and are likely to continue to be unjustly enriched by their infringing conduct.

76. Defendants' acts are greatly and irreparably damaging Cinergy in an amount to be proven at trial, and will continue to damage Cinergy unless enjoined by this Court.

## COUNT III

### Violation of Ariz. Rev. Stat. §§ 44-1451 Trademark Infringement

77. Cinergy restates paragraphs 1 through 76 as if set forth herein.

78. Defendants' unauthorized use of the Mark and confusingly similar marks, terms and phrases is likely to cause confusion, mistake or deception as to the source, origin, sponsorship or approval of Defendants' products in that consumers and others are likely to believe Cinergy authorizes or controls the sale of Defendants' products or that Defendant is associated with or related to Cinergy.  Defendants' unauthorized use

is also likely to cause injury to Cinergy's business reputation and to dilute the distinctive quality of the Mark.

79. Defendants' use of the Mark and confusingly similar marks, terms and phrases infringes and dilutes the Mark, entitling Cinergy to injunctive relief pursuant to Ariz. Rev. Stat. §44-1451, and common law, as well as numerous other states' laws.

80. Defendants' wrongful use of the Mark and confusingly similar marks, terms and phrases is a deliberate, intentional and willful attempt to injure Cinergy's business, to trade on Cinergy's business reputation, and/or to confuse and deceive consumers.

81. Defendants' acts are greatly and irreparably damaging Cinergy in an amount to be proven at trial and will continue to damage Cinergy unless enjoined by this Court.  Defendants' acts are likely to cause injury to Cinergy's business reputation and dilute the distinctive quality of the Marks.

## **PRAYER FOR ALL COUNTS**

WHEREFORE, Cinergy requests that judgment be entered in its favor and that:

A.  This Court award all damages and other monetary relief available as a result of Defendants' wrongful conduct, such damages and monetary relief including, but not limited to, actual damages, lost profits, the defendants' profits, treble damages, attorneys' fees, and all other monetary relief available under 15 U.S.C. § 1117;

B.  This Court enter injunctive relief ordering Defendants, and their successors, assigns, affiliates, employees, partners, and anyone acting in concert with them or at their behest or direction, to:

1)     Cease all use of the trademark Cinergy Health and any other trademark, logo, designation, domain name or other source identifier that contains Cinergy Health or is otherwise confusingly similar to the Mark;

2)     Cease purchasing "Cinergy," "Cinergy Health," "Cinergy Health Insurance," "Cinergy Insurance," "Cinergyhealth.com," "Sinergy," "Sinergy Health," "Sinergy Health Insurance," "Synergy," "Synergy Health," or any other confusingly similar term or phrase as keywords in conjunction with interne advertising.

3)     Cease displaying in internet ads and in domain name links such as "Cinergy," "Cinergy Health," "Cinergy Health Insurance," "Cinergy Insurance," "Cinergyhealth.com," "Sinergy," "Sinergy Health," "Sinergy Health Insurance," "Synergy," "Synergy Health," or any other confusingly similar term or phrase as keywords in conjunction with interne advertising.

4)     Refrain from doing any other act or thing likely to induce the belief that any of Defendants' business, products, services or commercial activities are in any way legitimately connected with or sponsored or approved by Cinergy;

5)     Deliver up for destruction all goods, labels, signs, brochures, prints, electronic data of websites, promotional materials,

advertisements, and any and all other material of an infringing or unfair or deceptive nature in Defendants' possession or control;

6)    Terminate and disable any and all internet search engine ad word or similar service or program that uses the Mark or any confusingly similar mark, term or phrase;

7)    Notify Google, Yahoo!, Bing and any other search engines in which Defendants advertise to cease publishing and/or displaying any advertisements for Defendants which in any way use or display "Cinergy," "Cinergy Health," "Cinergy Health Insurance," "Cinergy Insurance," "Cinergyhealth.com," "Synergy Health" and confusingly similar marks or phrases; and

8)    Remove all metatags for any web site owned, operated or controlled by Defendants, or its affiliates, partners or employees, that incorporate the Mark, or any confusingly similar mark, term or phrase.

C.  This Court award Cinergy such other and further relief, including but not limited to all damages and remedies available under A.R.S. §44-1451, including all reasonable attorneys' fees and the costs of suit., as this Court deems just and equitable.

## JURY DEMAND

Cinergy hereby demands a jury trial on all issues so triable.

…..

…..

…..

Dated this 9th day of August, 2011.

POLSINELLI SHUGHART, PC

By /s/ Kelly J. Flood
    Kelly J. Flood
    CityScape Plaza
    One East Washington Street, Ste. 1200
    Phoenix, AZ 85004

    Jeffrey Kass (Missouri Bar No. 46800)
    POLSINELLI SHUGHART
    1515 Wynkoop, Suite 600
    Denver, CO 80202

    *Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of August 2011, I electronically transmitted the foregoing document to the U.S. District Court Clerk's Office by using the ECF System for filing and transmittal.

By */s/Kelly J. Flood*